# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

_____

No. 14-30298

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2014

Lyle W. Cayce
Clerk

In re:  TIMES PICAYUNE, L.L.C., doing business as NOLA Media Group,

Petitioner

_____

Petition for a Writ of Mandamus
for the Eastern District of Louisiana
USDC No. 2:13-CR-131-1

_____

Before HIGGINBOTHAM, DENNIS and GRAVES, Circuit Judges.

PER CURIAM:*

Petitioner the Times-Picayune, L.L.C., a news organization, seeks a writ of mandamus from this court.  Stacey Jackson, a former executive of New Orleans Affordable Homeownership, an agency and nonprofit corporation of the City of New Orleans, is currently being prosecuted in the district court for corruption, theft of federal funds, and related charges.  *United States v. Jackson*, No. 2:13-CR-131 (E.D. La. filed June 6, 2013).  Jackson believes that certain anonymous and inflammatory comments about her that were made in the comments section of an article on Nola.com, the Times-Picayune's online publication, may have been authored by federal prosecutors connected with her

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

case and she seeks to confirm her suspicions in order to bring a claim of prosecutorial misconduct. *Cf. United States v. Bowen*, No. 2:10-CR-204, 2013 WL 5233325, ___ F. Supp. 2d ___ (E.D. La. Sept. 17, 2013). The district court, agreeing that there was a reasonable possibility that the comments were authored by federal prosecutors, ordered the Times-Picayune to turn over certain identifying information for *in camera* review. The Times-Picayune now asks this court to vacate that order because, the company contends, it insufficiently protects the right under the First Amendment to engage in anonymous speech. *See McIntyre v. Ohio Elections Comm'n*, 514 U.S. 334, 342 (1995) (recognizing that "an author's decision to remain anonymous" "is an aspect of the freedom of speech protected by the First Amendment").

"The remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court*, 426 U.S. 394, 402 (1976). As the Supreme Court observed, "the writ has traditionally been used in the federal courts only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Id.* "This is a drastic and extraordinary remedy reserved for really extraordinary causes." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 380 (2004) (internal quotation marks and citation omitted). "As the writ is one of the most potent weapons in the judicial arsenal, three conditions must be satisfied before it may issue. First, the party seeking issuance of the writ must have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable." *Id.* at 380-81 (citations, alterations, and internal quotation marks omitted). Thus, a petitioner must show "not only that the district court erred, but that it clearly

and indisputably erred." *In re Occidental Petrol. Corp.,* 217 F.3d 293, 295 (5th Cir. 2000). "Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 381.

Here, we are not persuaded that the district court's (1) balancing of the speech rights of anonymous commenters against the due process interests of Jackson and (2) ordering the Times-Picayune to turn over information for *in camera* review was clearly and indisputably erroneous. As an initial matter, there is little case law illuminating how the competing interests in situations comparable to this one should be balanced. *See In re Anonymous Online Speakers*, 661 F.3d 1168, 1174-76 (9th Cir. 2011) (collecting cases). Even in the absence of precedent, however, we cannot say that the district court here clearly reached the wrong decision. Thus, we do not see extraordinary circumstances here warranting issuance of the requested writ.

IT IS ORDERED that the petition for writ of mandamus is DENIED.